IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BYRON DAVIS, a.k.a. DUVAL GIBSON,

    Defendant.
                              /

No. CR 13-0483 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On October 15, 2013, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 28, 2013. All parties were represented by counsel. The following matters were resolved:

1.    **Trial schedule**: The parties expect that the case will take 3 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

2.    **Number of jurors and challenges**: There shall be a jury of twelve members, plus one alternate juror. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternate.

3.    **Voir dire**: The Court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel. The parties have agreed upon a statement of the offense to be read before voir dire begins, which the Court will read.

4. **Jury instructions**: The Court received proposed jury instructions from the government and the defense. As discussed below, the Court will give the government's proposed instruction defining "willfully" pursuant to 18 U.S.C. §§ 751(a) and 4082(a). The Court defers ruling on defendant's request for a necessity instruction until after defendant has had an opportunity to meet his burden of production on this defense. The Court will give the model Ninth Circuit instruction on credibility and will not provide the additional instruction proposed by the defense regarding law enforcement credibility.

5. **Trial exhibits**: No later than October 25, 2013, the government shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6. **Motions in limine**: The following motions in limine were presented and decided at the pretrial conference:

Government motions:

No. 1: **To define "willfully" pursuant to 18 U.S.C. §§ 751(a) and 4082(a):** GRANTED. The Court finds that the government's instruction is supported by the statutory language and the case law. *See United States v. Jones*, 569 F.2d 499, 501 (9th Cir. 1978).The Court disagrees with defendant's contention that defining "willfully" pursuant to 18 U.S.C. § 4082(a) is a constructive amendment of the indictment. Section 4082(a) defines "escape" as that word is used in Section 751(a), which is found within chapter 35. *See* 18 U.S.C. § 4082(a) ("The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, *shall be deemed an escape* from the custody of the Attorney General punishable *as provided in chapter 35 of this title*.") (emphasis added).

Nos. 2 & 4: **To admit defendant's other crimes and acts, FRE 609 and 404(b):** DENIED, with the exception that the following is admissible: the supervised release violation which resulted in a 24 month sentence on April 27, 2011 (and the acts underlying that revocation), and the arrest and

2

1 subsequent conviction for possessing a controlled substance with intent to distribute on November 13,
2 2012. The other arrests, convictions and acts are excluded as too prejudicial and/or too old.

No. 3: **To preclude references to punishment, jury nullification, unsupported facts or evidence, and unnoticed affirmative defenses :** The government seeks to preclude defendant from making any reference to punishment and from "encouraging jury nullification." Defendant responds that he will not "mak[e] any reference to the potential punishment that he is facing if convicted at trial on the charged offense of escape," and will not make any "'blatant' jury nullification argument in closing." This aspect of the government's motion is GRANTED, as limited by defendant's undertaking.

The government also seeks to preclude defense counsel from referencing unspecified "facts during opening statement that will never be supported," and to preclude defendant from introducing unspecified "evidence that should have been produced under the reciprocal discovery obligations" of Rule 16. This portion of the motion is DENIED as overbroad and inadequately specific, without prejudice to specific objections at the time of trial. Finally, the government seeks to preclude defendant from presenting "unnoticed affirmative defenses or legal defenses to the jury where the burden is on the defense to proffer a foundation to court. This request is DENIED as inadequately specific, without prejudice to specific objections at time of trial. The Court will determine whether defendant has met his burden of production on a necessity defense at trial.

Defense motions:

No. 1: **To exclude other acts 404(b):** GRANTED, see government motions Nos. 2 & 4.

Nos. 2 & 3: **To exclude defendant's alias/for a cautionary instruction regarding alias):** GRANTED in part and DENIED in part as follows: As discussed at the hearing, the Court finds it is impracticable to redact defendant's alias from documents and to preclude witnesses who know defendant as Byron Davis from so testifying. However, the Court agrees with defendant that the name "Byron Davis" is not relevant to the issues in this case, and the Court will give a cautionary instruction. Having reviewed the competing cautionary instructions submitted by the parties, the Court finds that the government's is more appropriate and will give it. ("You will hear and see evidence that refers to the defendant as both Byron Davis and Duval Gibson. For the purposes of this case, it does not matter -and you should not speculate as to - how both names came to be applied to the Defendant. The parties

3

agree that both names refer to the defendant.") In addition, the government shall not refer to defendant's "alias" or to defendant "also known as" or "a/k/a" Byron Davis.

**IT IS SO ORDERED.**

Dated: October 23, 2013

SUSAN ILLSTON
United States District Judge