IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-483 SI |
| Plaintiff, | **JURY INSTRUCTIONS** |
| v. | |
| DUVAL GIBSON, | |
| Defendant. | |

**United States District Court**
For the Northern District of California

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return - that is a matter entirely up to you.

## CHARGE AGAINST DEFENDANT NOT EVIDENCE-PRESUMPTION OF INNOCENCE-BURDEN OF PROOF

In the Indictment, the defendant is charged with one count of escape in violation of Title 18, United States Code, Section 751(a).

The government alleges that on November 13, 2012, the defendant was in the custody of an institution or facility in which he was confined by direction of the United States Attorney General or his

authorized representative by virtue of a conviction of a criminal offense. The government further alleges that the defendant knowingly and voluntarily left custody without permission, by willfully failing to remain within the extended limits of his confinement, or to return within the time prescribed to the institution or facility designated by the Attorney General.

Please keep in mind that the Indictment is not evidence. The defendant has pleaded not guilty to the charge, and is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges

beyond a reasonable doubt.

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the witness's opportunity and ability to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## DEFENDANT'S NAME

You have heard and seen evidence that refers to the defendant as both Byron Davis and Duval Gibson. For the purposes of this case, it does not matter -and you should not speculate as to - how both names came to be applied to the defendant. The parties agree that both names refer to the defendant.

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## ESCAPE FROM CUSTODY

The defendant is charged in Count One of the indictment with escape from custody in violation of Section 751(a) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) Defendant was in the custody of the Attorney General, his authorized representative, or an institution or facility in which he was confined by direction of the Attorney General or his authorized representative;

(2) Defendant was in custody by virtue of a conviction of an offense; and

(3) Defendant knowingly and voluntarily left custody without permission.

The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to the institution or facility designated by the Attorney General, shall be deemed an escape.

The parties agree and stipulate that on November 13, 2012, the defendant was in the custody of the United States Attorney General by virtue of a conviction of a criminal offense, and therefore the first two elements are not disputed.

## WILLFULLY—DEFINED

The defendant's failure to remain within the extended limits of his confinement or return within the time prescribed to the institution or facility designated by the Attorney General is "willful" if it is the result of the defendant's own knowing conduct.

To demonstrate that the defendant acted willfully, the government is not required to prove that the defendant intended to avoid confinement or intended to violate any specific law.

## KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## NECESSITY (LEGAL EXCUSE)

The defendant contends that he acted out of necessity. Necessity legally excuses the crime charged.

The defendant must prove necessity by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of the crime of escape from custody.

A defendant acts out of necessity only if at the time of the crime charged:

    1. the defendant was faced with a choice of evils and chose the lesser evil;

    2. the defendant acted to prevent imminent harm;

    3. the defendant reasonably anticipated his conduct would prevent such harm;

    4. there were no other legal alternatives to violating the law; and

    5. The defendant surrendered to authorities as soon as it was safe to do so.

If you find that each of these things has been proved by a preponderance of the evidence, you must find the defendant not guilty.

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE - CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.